# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for La Jolla Bank, FSB,<br><br>                                 Plaintiff,<br>  v.<br>PATRICK O'CONNOR & ASSOCIATES,<br><br>                                Defendant. | Case No. 10cv1520-BTM (JMA)<br><br>**ORDER RE EX PARTE APPLICATION** |

     The ex parte application of FDIC, as receiver for La Jolla Bank, FSB, for an order setting aside a previous substitution of OneWest Bank, FSB as plaintiff in this action is **GRANTED**. Plaintiff submits a declaration from a senior counsel at OneWest Bank, FSB stating that La Jolla Bank, FSB's claim against Defendant was not assigned to OneWest Bank. (Schwappach Decl. ¶ 6)  The Court is now satisfied that the FDIC's claim against Defendant remains subject to the control of the FDIC and was not transferred to OneWest Bank.  Therefore, the Court sets aside the Texas state court order substituting OneWest Bank as party plaintiff.  The FDIC, in its capacity as receiver for La Jolla Bank, FSB, is the proper plaintiff in this action.

     Defendant, in response to this application, asks the Court to reconsider its denial of Defendant's motion to remand. As explained in the Court's prior order, the state court order of substitution applied only to the "Party Plaintiff" in the Texas action. Because Defendant

had filed counterclaims prior to the entry of the state court order of substitution, the FDIC remained a counter-defendant in the state action.

Defendant's citation to Texas rules of civil procedure governing joinder does not alter this conclusion.  Under the plain text of the state court order of substitution, the FDIC remained a party to the state action, conferring this Court with subject matter jurisdiction pursuant to 12 U.S.C. § 1441a(l)(1) and 12 U.S.C. § 1819(b)(2)(A).  Defendant's request is **DENIED**.

Finally, Defendant states that should the Court grant Plaintiff's application, "O'Connor requests that the Court clarify the substitution of parties so as to specifically designate that the FDIC is the party Plaintiff in the capacity as receiver for La Jolla Bank, FSB, as to all claims raised by the pleadings in the case, inclusive of the counterclaims raised herein by O'Connor."

As explained in the order denying remand and as discussed above, the FDIC, in its capacity as receiver, is a party to Defendant's counterclaims.  This is because "as receiver the FDIC steps into the shoes of the failed financial institution, assuming all the rights and obligations of the defunct bank." *Sharpe v. FDIC*, 126 F.3d 1147, 1152 (9th Cir. 1997).  No clarification on this point should be needed, but to be abundantly clear, the FDIC, in its capacity as receiver for La Jolla Bank, FSB, is the counter-defendant in this action.

**IT IS SO ORDERED.**

DATED:  June 3, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge