UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for La Jolla Bank, FSB,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK O'CONNOR & ASSOCIATES, L.P. d.b.a. O'CONNOR & ASSOCIATES,<br><br>        Defendants.<br><br>PATRICK O'CONNOR & ASSOCIATES, L.P. d.b.a. O'CONNOR & ASSOCIATES,<br><br>        Counterclaimant,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for La Jolla Bank, FSB,<br><br>        Counterdefendant. | Case No. 10CV1520-BTM (JMA)<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE** |

   Due to a conflict involving the Court's calendar, the Mandatory Settlement Conference currently set for October 22, 2012 at 10 a.m. is vacated and reset for **October 24, 2012** at **2 p.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **October 17, 2012**.  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set

forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference**. **The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

**IT IS SO ORDERED**.

DATED: August 10, 2012

Jan M. Adler
U.S. Magistrate Judge